Rowley v. Rice.

---

## HARMON ROWLEY *vs.* CALEB RICE.

A mortgagee or pawnee of goods in a store, who has taken possession of the store and goods, with the consent of the mortgagor or pawnor, cannot maintain an action of trespass against an officer for entering the store for the purpose of attaching the goods at the suit of a creditor of the mortgagor or pawnor, unless the officer keeps possession of the store for an unreasonable length of time, so as to make himself a trespasser *ab initio.*

THIS was an action of trespass against the sheriff of Hampden for breach and entry of the plaintiff's store by Elisha Adams, one of the defendant's deputies. The store was the same in which the goods were kept, which are mentioned in the next preceding case of *Rowley* v. *Rice,* (*ante,* 333,) and which were attached by said Adams, as in that case is fully stated.

At the trial before *Wilde,* J. the entry of Adams into the store, for the purpose of attaching the goods, was not denied by the defendant. No evidence was introduced in this case, additional to that which was given in the preceding action of trover between the same parties, except for the purpose of showing how long Adams, the attaching officer, held possession of the store; and this evidence showed that he remained in possession four or five days.

It was shown in evidence that the plaintiff was summoned as trustee of Tingley, in the action in which the goods in

said store were attached, and that the trustee process was served on him on the same day on which the goods were attached.

The plaintiff contended that this action should follow the other, and that if the defendant was guilty in trover, he was guilty in trespass also. But the judge instructed the jury, that the defendant was not guilty, unless the plaintiff had proved an absolute sale to him of the goods in the store, or that the goods were not liable to attachment, or that the defendant's deputy kept possession of the store an unreasonable length of time, and longer than was necessary for the purpose of an appraisement.

A verdict was returned for the defendant, and the plaintiff alleged exceptions to the judge's instructions.

*J. Willard & W. G. Bates*, for the plaintiff, cited *Smith v. Gates*, 21 Pick. 55, and *Rockwood v. Varnum*, 17 Pick. 293.

*R. A. Chapman & Ashmun*, for the defendant, were stopped by the court.

SHAW, C. J. The main facts relied on, in support of this action, are stated in the next preceding action of trover; and on the facts thus appearing, the court are of opinion that this action of trespass will not lie. Even if the plaintiff were mortgagee or pawnee of the goods, a creditor of Tingley had a right to attach them. The officer, therefore, was justified in taking and holding possession of them; because the attaching creditor must pay the amount for which they were hypothecated. Rev. Sts. c. 90, § 78.

The question, whether the officer staid in the store too long, and thus abused his authority, and made himself a trespasser *ab initio*, was left to the jury, who have answered it in the negative.

In general, an officer has no right to make use of the tenement of another, to keep attached goods in, without the express or implied consent of the proprietor. But this consent is a question of fact.

*Judgment on the verdict for the defendant.*